**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BORTON & SONS, INC., a Washington corporation,<br><br>                 Plaintiff - Appellee,<br><br>   v.<br><br>NOVAZONE, INC., DBA PURFRESH, INC., a California corporation,<br><br>                 Defendant - Appellant. | No. 11-35511<br><br>D.C. No. 2:08-cv-03016-RHW<br><br>MEMORANDUM[*] |
| BORTON & SONS, INC., a Washington corporation,<br><br>                 Plaintiff - Appellant,<br><br>   v.<br><br>NOVAZONE, INC., DBA PURFRESH, INC., a California corporation,<br><br>                 Defendant - Appellee. | No. 11-35608<br><br>D.C. No. 2:08-cv-03016-RHW |

Appeal from the United States District Court
for the Eastern District of Washington

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Robert H. Whaley, Senior District Judge, Presiding

Argued and Submitted July 10, 2012
Seattle, Washington

Before: SCHROEDER, REINHARDT, and M. SMITH, Circuit Judges.

Novazone, Inc. d/b/a Purfresh, Inc. (Novazone) appeals the district court's award of prejudgment interest, following a jury trial, to Borton & Sons, Inc. (Borton). Borton cross-appeals the district court's order denying its motion for attorney fees and costs. As the facts and procedural history are familiar to the parties, we do not recite them here except as necessary to explain our disposition. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part and reverse in part.

In Washington, a court may award prejudgment interest on a liquidated claim, *i.e.*, "where the evidence furnishes data which, if believed, makes it possible to compute the amount with exactness, without reliance on opinion or discretion." *Scoccolo Constr., Inc. ex rel. Curb One, Inc. v. City of Renton*, 145 P.3d 371, 377 (Wash. 2006). Novazone contends that the district court erred in awarding prejudgment interest because the jury did not compute its award with an exact measure, but instead relied upon its discretion. We agree. The jury relied upon its own "determination of reasonableness" in calculating Borton's damages. *Kiewit-*

*Grice v. State*, 895 P.2d 6, 9 (Wash. Ct. App. 1995). Accordingly, we hold that Borton's damages were unliquidated and reverse the district court's award of prejudgment interest.

Under Washington law, absent a contractual provision, statutory provision, or a well-recognized principle of equity to the contrary, a court has no authority to award attorney fees to the prevailing party. *N. Pac. Plywood, Inc. v. Access Road Builders, Inc*., 628 P.2d 482, 487 (Wash. Ct. App. 1981). Where a contract has been invalidated for lack of mutual intent, no contract was ever formed, and therefore, the parties are not entitled to rely upon any attorney fee provision under the purported contract. *Wallace v. Kuehner*, 46 P.3d 823, 830-31 (Wash. Ct. App. 2002). Accordingly, because the contract containing the fee provisions was invalidated for lack of authority, we hold that the district court did not err in refusing to award Borton attorney fees.

**AFFIRMED IN PART, REVERSED IN PART.**